# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 16-1534V
Filed: December 6, 2017
UNPUBLISHED

| | |
|---|---|
| CHRISTINE ROGERS,<br><br>　　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　　Respondent. | Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Guillain-<br>Barré Syndrome (GBS) |

*Maximillian J. Muller, Muller Brazil, LLP, Dresher, PA,* for petitioner.
*Jennifer Leigh Reynaud, U.S. Department of Justice, Washington, DC,* for respondent.

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On November 17, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine administered on October 16, 2015. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On November 20, 2017, a ruling on entitlement was issued, finding petitioner entitled to compensation for her GBS injury. On December 1, 2017, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $270,000.00. Proffer at 2. In the Proffer, respondent represented that petitioner agrees with the proffered award. Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $270,000.00 in the form of a check payable to petitioner, Christine Rogers.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| CHRISTINE ROGERS,<br><br>  Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>  Respondent. | No. 16-1534V<br>Chief Special Master Dorsey<br>ECF |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On November 17, 2016, Christine Rogers ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended. Respondent conceded petitioner's entitlement to compensation in his Rule 4(c) Report filed on November 20, 2017. Based on Respondent's Rule 4(c) Report, on November 20, 2017, the Chief Special Master found petitioner entitled to compensation.

**I.  Items of Compensation**

  A.  Lost Earnings

The parties agree that based upon the evidence of record, Christine Rogers has suffered past loss of earnings and will suffer a loss of earnings in the future. Therefore, respondent proffers that Christine Rogers should be awarded lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A). Respondent proffers that the appropriate award for Christine Rogers's lost earnings is $63,398.95. Petitioner agrees.

1

B.     Pain and Suffering

Respondent proffers that Christine Rogers should be awarded $201,723.07 in actual and projected pain and suffering. This amount reflects that any award for projected pain and suffering has been reduced to net present value. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

C.     Past Unreimbursable Expenses

Evidence supplied by petitioner documents Christine Rogers's expenditure of past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $4,877.98. Petitioner agrees.

## II.     Form of the Award

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of **$270,000.00,** representing compensation for lost earnings ($63,398.95), pain and suffering ($201,723.07), and past unreimbursable expenses ($4,877.98), in the form of a check payable to petitioner, Christine Rogers.[1] This lump sum payment represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

Respectfully submitted,

CHAD A. READLER
Principal Deputy Assistant Attorney General

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

                                C. SALVATORE D'ALESSIO
                                Acting Director
                                Torts Branch, Civil Division

                                CATHARINE E. REEVES
                                Deputy Director
                                Torts Branch, Civil Division

                                ALEXIS B. BABCOCK
                                Assistant Director
                                Torts Branch, Civil Division

                                  s/Jennifer L. Reynaud
                                JENNIFER L. REYNAUD
                                Trial Attorney
                                Torts Branch, Civil Division
                                U.S. Department of Justice
                                P.O. Box 146
                                Benjamin Franklin Station
                                Washington, D.C. 20044-0146
                                Tel:  (202) 305-1586

Dated: November 30, 2017